IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JENNIFER LE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA NURSES ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CIV-S-05-02625 DFL KJM<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

    Defendant California Nurses Association ("CNA") moves to dismiss plaintiff Jennifer Le's ("Le") suit for insufficient service of process and failure to state a claim, or, in the alternative, for summary judgment.  In addition, CNA moves to dismiss the complaint under the "anti strategic litigation against public participation" statute ("anti-SLAPP" statute), California Code of Civil Procedure § 425.16(a).  For the reasons stated below, the court denies CNA's motion.

I.

    Le alleges the following facts in her complaint.  She worked as an advice nurse for Kaiser Permanente ("Kaiser") from January

1

2002 until January 2004. (Compl. ¶ 9.)  Kaiser requires membership in CNA for all of its nursing staff. (Id. ¶ 10.)

Le stopped paying CNA union dues when she learned CNA supported political positions she disagreed with on religious grounds. (Id. ¶ 11.)  On October 7, 2003, Le sent a letter to CNA notifying it of her religious objections and requesting a refund of her dues that were not related to bargaining or administrative expenses. (Id. ¶ 13.)  She also requested that CNA distribute the remaining portion of her union dues to a non-profit charity of her choice. (Id.)

On October 14, 2003, CNA denied Le's refund and contribution request. (Id. ¶¶ 14-15.)  CNA offered to contribute her remaining dues to one of the five charities listed in the collective bargaining agreement. (Id. ¶ 16.)  On October 25, 2003, Le informed CNA that she had a religious objection to all of the listed charities. (Id. ¶ 18.)  CNA did not respond to Le's second letter. (Id. ¶ 20.)

On February 17, 2004, Kaiser offered Le a temporary non-union position. (Id. ¶ 9.)  CNA approved the new position in April 2004. (Id.)  In August 2004, Kaiser terminated Le because she refused to prescribe "birth control" -- devices or medication, the complaint does not specify -- to patients who wanted birth control. (Id.)

Since October 2004, Le has worked at Catholic Healthcare West ("CHW") in Sacramento. (Id. ¶ 26.)  A contract between CNA and CHW requires CHW to hire only nurses who are members of CNA

2

for most positions.  (Id. ¶ 27.)  Because Le is not a member of CNA, she claims that she is prohibited from seeking advancement or transfer to higher paid positions at CHW.  (Id. ¶ 28.)  In addition, Le also alleges that she cannot seek future employment with Kaiser because she is not a member of CNA.  (Id. ¶ 32.)

Based on these allegations, Le raises the following claims against CNA: (1) failure to accommodate religious beliefs under 42 U.S.C. § 2000e, *et seq.*; (2) intentional religious discrimination under 42 U.S.C. § 2000e, *et seq.*; (3) intentional religious discrimination under Cal.Gov.Code § 12900, *et seq.*; and (4) failure to accommodate religious beliefs under Cal.Gov.Code § 12900, *et seq.*  (Compl. ¶¶ 34-104.)  Her claims primarily seek injunctive and declaratory relief.

II.

A. Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment

CNA argues that Le's claim should be dismissed because she did not suffer any discriminatory treatment.  (Mot. at 12.)  CNA argues that it did not take any action against Le and, therefore, she has no cause for complaint.  To establish a prima facie case of religious discrimination, a plaintiff must show that: (1) she has a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job

3

requirements.  <u>Tiano v. Dillard Dept. Stores, Inc.</u>, 139 F.3d 679, 681 (9th Cir. 1998).

CNA claims that after Le notified it that she had a religious objection to membership in the union, CNA did not require her to continue to pay union dues and it advised Le's employer to stop deducting union dues from her paycheck.  (Mot. at 14.)  CNA argues that it took no discriminatory actions towards Le and any allegations about future harm she might suffer are speculative.  (<u>Id.</u>)

On a motion to dismiss, Le adequately states a claim for religious discrimination.  She alleges that she has sincerely held religious beliefs and that she informed CNA of those beliefs.  (Compl. ¶¶ 12-13.)  She asserts that CNA discriminated against her based on her religion by rejecting her request to donate money to a charity outside of those listed in the collective bargaining agreement.  (<u>Id.</u> ¶¶ 20-22.)  Because CNA would not accommodate her religious beliefs, Le claims she cannot be a member of CNA nor a "charity payer" in good standing.  As a consequence, she claims that she is restricted from working at better paying positions which require her to be a CNA member or a "charity payer."  (<u>Id.</u> ¶¶ 24-25, 27-33.)  Whether meritorious or not, this series of allegations adequately sets forth a claim for religious discrimination.  Therefore, the court DENIES CNA's motion to dismiss for failure to state a claim.[1]

---

[1] CNA also argues that, in the alternative, the court should treat its motion as a motion for summary judgment.  (Mot. at 3 n.2.)  The court declines the invitation given that plaintiff has

4

Although Le has alleged a claim, CNA has raised an issue as to whether Le has suffered a sufficient injury to assert standing to bring some or all of her claims. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). In particular, some or all of Le's claims are based on the assertion that she will be unable to advance or seek other, better paying positions unless CNA permits her to designate other charities, and, further, that CNA refuses to permit her to designate other charities. Yet it is unclear that any employment or advancement that Le is or will be seeking is subject to a collective bargaining agreement with CNA that would limit Le to contributions as to which she would object. After oral argument, Le provided a declaration that is directed to the issue of standing. If CNA considers that the declaration is inadequate, it may take her deposition, limited to the question of standing, and may make a further motion to dismiss some or all of her claims for lack of standing.

<u>B. Motion to Dismiss for Insufficient Service of Process</u>

CNA argues that Le's claim should be dismissed for insufficient service of process. (Mot. at 16-17.) Statutes that govern substitute service are "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." <u>Bein v. Brechtel-Jochim Group, Inc.</u>, 6 Cal.App.4th 1387, 1392 (1992). Although CNA notes a number of problems with the service of process, it received actual notice.

---

not had the opportunity for discovery.

5

Therefore, the court DENIES CNA's motion to dismiss for insufficient service of process.

C. Motion to Dismiss under the Anti-SLAPP statute

CNA argues that Le's claim should be dismissed under the Anti-SLAPP statute. (Mot. at 15.) Under the Anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike . . . ." Cal.Civ.Proc.Code § 425.16(b)(1). It is doubtful that this statute has any application in federal court even as to the state law claims. Assuming that it does, the Anti-Slapp statute would not apply here. CNA concedes that plaintiff has the right to divert a portion of her dues to charities. The only issue is whether plaintiff has a further First Amendment right to object to the alternative charities identified in the collective bargaining agreement. This claim does not chill CNA's participation in the political and legislative process. Therefore, the court DENIES CNA's motion to strike the complaint under the anti-SLAPP statute.

III.

For the reasons stated above, the court: (1) DENIES CNA's motion to dismiss for failure to state a claim; (2) DECLINES to treat CNA's motion as a motion for summary judgment; (3) DENIES CNA's motion to dismiss for insufficient service of process; and (4) DENIES CNA's motion to strike under the anti-SLAPP statute.

6

1  In addition, CNA may take a deposition of Le limited to the
2  issues raised by her declaration and then may file a further
3  motion to dismiss some or all of the claims, based on a lack of
4  standing, if it deems such a motion meritorious.
5     IT IS SO ORDERED.
6  Dated: 6/15/2006

_____
DAVID F. LEVI
United States District Judge